UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA ARROYO,<br><br>           Plaintiff,<br><br>     v.<br><br>GRAHAM PACKAGING COMPANY L.P., et al.,<br><br>           Defendants. | Case No.  1:22-cv-00579-JLT-BAM<br><br>**ORDER REGARDING JOINT STATEMENT RE: FAILURE TO DISCLOSE KEY MEDICAL PROVIDERS AND DOCUMENTS AND GRANTING DEFENDANTS' REQUEST FOR ADDITIONAL TIME**<br><br>(Doc. 29) |

    Plaintiff Margarita Arroyo brings this action against Defendants Graham Packaging Company, L.P. and Graham Packaging PET Technologies, Inc. based on allegations of disability discrimination.  Currently before the Court is a Joint Statement of Discovery Disagreement re: Failure to Disclose Key Medical Providers and Documents and Defendants' Request for Additional Time filed on August 1, 2023.  (Doc. 29.)  Following informal status conferences, the Court directed the parties to meet and confer regarding their ongoing discovery disputes, including the instant dispute, and provide two-page synopses of those disputes.  At the Court's direction, the parties filed their synopses of this dispute on September 8 and 11, 2023.  (*See* Docs. 41 and 42-1.)  The Court found the dispute appropriate for resolution on the papers.  (Doc.43

///

1

**BACKGROUND**[1]

Plaintiff's action for disability discrimination arises from allegations of a physical disability involving her foot and need for accommodations following foot surgery. (Doc. 13, First Amended Complaint at ¶¶ 8, 24, 39.) Plaintiff also alleges damages from severe emotional distress. (*Id.* at ¶¶ 26-27, 35 and pp. 14-16.)

In her initial disclosures, Plaintiff generally identified her "medical records related to her disability or serious health condition" as documents supporting her claims, and her medical providers as witnesses regarding her "disabilities and treatment and need for reasonable accommodations." (Doc. 29-1, Ex. C.) However, Plaintiff did not identify the names, addresses, and phone numbers of any medical providers nor did she provide any medical records.

During the course of discovery, Defendants requested that Plaintiff produce, among other things, documents evidencing her claimed disability and her claims for emotional distress, in addition to all communications regarding her claims. (Doc. 29 at p. 5.) Further, in the Notice of Deposition and Request for Production, Defendants requested that Plaintiff produce medical records and documents concerning her medical and psychological treatment, communications with medical providers or anyone regarding Plaintiff's injuries, prescriptions, and other related documentation. (*Id.*)

On May 26, 2023, Plaintiff produced a single page of her medical records from Sutter Health in response to Defendants' discovery requests, along with photographs of a prescription bottle apparently prescribed by a Kristine Rebeiro, PA-C. Defendants therefore subpoenaed Sutter Health and the facility where PA-C Rebeiro practices, Scenic Medical. Defendants received records from the providers in mid-June 2023, and produced them to Plaintiff in discovery. (*Id.*)

On July 7, 2023, during Plaintiff's first deposition, she reportedly testified that since March 2022, she saw a number of providers that had not been previously disclosed to Defendants. (Doc. 42-1 at p. 1.) Defendants attempted to subpoena these new records, but Plaintiff objected

---

[1] The background is derived from the Joint Statement and synopses.

1 to the subpoenas. (*Id.*) On July 12, 2023, Defendants sent a meet and confer letter regarding
2 discovery of Plaintiff's medical records and her objections to the subpoenas. (Doc. 29 at p. 6 and
3 Ex. A.) Plaintiff did not respond and only re-produced all records that Defendants had
4 previously subpoenaed. (Doc. 29 at p. 6.)

5 On August 3, 2023, during Plaintiff's second deposition, she testified to additional
6 medical providers and ongoing treatment. (Doc. 42-1 at p. 1.) This purportedly included a pain
7 management specialist, at least one orthopedic specialist or surgeon, physical therapists, and a
8 chiropractor. Plaintiff also reportedly has been receiving disability payments and been classified
9 as fully disabled. Defendants contend that they previously requested records relating to
10 Plaintiff's disability status and condition, but received nothing. Plaintiff additionally testified that
11 she has in her home both paper documents and a flash drive full of records that have not been
12 provided to Defendants. (*Id.* at pp. 1-2.)

13 Defendants assert that despite their efforts to resolve the matter informally, Plaintiff has
14 failed to produce any new medical records, disability documentation, or the flash drive. Due to
15 Plaintiff's failure to provide these materials, Defendants contend that they have been unable to
16 proceed with depositions of any additional medical professionals. (*Id.* at p. 2.) Defendants
17 therefore ask that the Court to order the following relief: (1) Plaintiff provide the names and
18 contact information of all of Plaintiff's medical providers following her termination so
19 Defendants can subpoena those records; (2) Plaintiff produce all her disability records and
20 corresponding documents from the EDD; (3) Defendants be permitted to depose medical
21 providers regarding Plaintiff's ongoing disability status, her foot injury, ongoing orthopedic, and
22 hand injuries; (4) Plaintiff provide Defendants with the flash drive and any paper documents
23 Plaintiff has in her possession and control relevant to this action; (5) Plaintiff withdraw all
24 objections to Defendants' outstanding (and potential forthcoming) subpoenas; and (6) Defendants
25 be permitted to continue the deposition of Plaintiff following receipt of all of the above. (*Id.*)

26 In opposition, Plaintiff admits that she provided new medical providers for the first time
27 during her July 7, 2023 deposition, and again at her August 3, 2023 deposition. (Doc. 29 at p. 8;
28 Doc. 41 at p. 5.) However, Plaintiff asserts that Defendants mischaracterize their attempts to

meet and confer after learning of this new information and further ignore the fact that their delay in taking the deposition of Plaintiff was the true cause of their failure to timely discover information first remembered by Plaintiff during her depositions (the first of which took place only one week before the fact discovery cut off of July 14, 2023). Plaintiff contends that if Defendants lack information claimed to be "critical and relevant information central to Plaintiff's disability claims," it is their own lack of prudence in conducting discovery in this case that has caused such a lack of information.  (Doc. 41 at p. 5.)  Plaintiff believes that "Defendants have waived their alleged rights to acquire any additional medical records or other fact-based discovery here as Defendants now attempt to acquire the same after the deadline to do so."  (*Id.*)

## DISCUSSION

There does not appear to be a dispute that the discovery at issue, including information and documents regarding Plaintiff's disability, medical injuries, conditions, and treatment, is relevant and proportional to the needs of this case under Federal Rule of Civil Procedure Rule 26(b)(1).  Nor is there a dispute that Plaintiff newly disclosed medical providers, medical treatment, and her disability status during the course of her depositions on July 7, 2023, and August 3, 2023.  Rather, the dispute appears to center on whether Defendants timely pursued such discovery.

Having considered the record, the Court is not persuaded by Plaintiff's argument concerning the untimeliness of Defendants' request for additional discovery.  Plaintiff was obligated to supplement her initial disclosures and discovery responses regarding her medical providers, injuries, disability, and treatment.  Plaintiff has apparently acknowledged this obligation as her counsel also represented to the Court that Plaintiff would supplement her production to Defendant pursuant to the Fed. R. Civ. P. 26 duty to disclose, including providing a thumb drive of Plaintiff's medical records.  (*See* Doc. 39.)

Federal Rule of Civil Procedure 26(e) requires a party to supplement its initial disclosures or discovery responses "in a timely manner" when it learns that the disclosure or response is incomplete or incorrect and the information has not otherwise been made known to the opposing party. Fed. R. Civ. P. 26(e)(1)(A). Failure to comply with the duty to supplement under Rule

4

26(e) can result in the exclusion of evidence unless the failure to supplement was substantially justified or harmless. Fed. R. Civ. P. 37(c). The Advisory Committee Notes to the 1993 Amendments suggest that the obligation to supplement under Rule 26(e) does not end with the fact discovery cutoff, and provides that supplementations "should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Case law confirms that "there is no doubt that the duty to supplement under Rule 26(e) extends beyond the discovery cutoff date." *LD v. United Behav. Health*, No. 20-cv-02254-YGR (JCS), 2022 WL 4372075, at *6 (N.D. Cal. Sept. 21, 2022); *Woods v. Google, Inc.*, No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014) ("The Court can definitively state that the Rule 26(e) duty to supplement or correct incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date.").

To the extent she has not already done so, Plaintiff will be required to provide the names and contact information of all of her medical providers following her termination, produce all her disability records and corresponding documents regarding her disability status, and provide Defendants with the flash drive and any paper documents Plaintiff has in her possession and control relevant to this action. Plaintiff also will be required to withdraw all objections to Defendants' outstanding (and potential forthcoming) subpoenas related to Plaintiff's medical providers and treatment. The Court will re-open non-expert discovery for a limited period to allow for completion of this discovery, including permitting Defendants to depose medical providers regarding Plaintiff's ongoing disability status, her foot injury, ongoing orthopedic, and hand injuries and to continue the deposition of Plaintiff following receipt of her medical records.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within fourteen (14) days of the date of this Order, Plaintiff shall supplement her initial disclosures and discovery responses by (a) providing the names and contact information of all of her medical providers following her termination; (b) producing her disability records and corresponding documents regarding her disability status; and (c) providing Defendants with the flash drive and any paper documents Plaintiff has in her possession and control relevant to this action. Plaintiff also will be required to

   withdraw all objections to Defendants' outstanding (and potential forthcoming) subpoenas to Plaintiff's newly identified medical providers.

2. Defendants' request for additional time is granted. The non-expert discovery deadline is extended an additional sixty (60) days from the date of this Order to allow for completion of the discovery contemplated herein, including Defendants' deposition of medical providers regarding Plaintiff's ongoing disability status, her foot injury, and her ongoing orthopedic and hand injuries and the further deposition of Plaintiff following receipt of her medical records;

3. The Court sets a further STATUS CONFERENCE on **November 8, 2023, at 10:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to address the status of discovery relative to Plaintiff's medical providers, medical treatment, and disability status. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required; and

4. Plaintiff's failure to timely comply with this order may result in the imposition of sanctions, including evidentiary sanctions precluding Plaintiff from using evidence related to the previously undisclosed medical information, medical records, and disability documentation.

IT IS SO ORDERED.

  Dated:  **September 20, 2023**     /s/ *Barbara A. McAuliffe*
                        UNITED STATES MAGISTRATE JUDGE