1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  MARGARITA ARROYO, | Case No.  1:22-cv-00579-JLT-BAM |
| 12           Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR SECOND DEPOSITION OF 30(b)(6) WITNESS LISA SANTIN** |
| 13       v. | |
| 14  GRAHAM PACKAGING COMPANY L.P., et al., | (Doc. 42.) |
| 15           Defendants. | |

18   Plaintiff Margarita Arroyo brings this action against Defendants Graham Packaging Company, L.P. and Graham Packaging PET Technologies, Inc. based on allegations of disability discrimination.  The matter comes before the Court on Plaintiff's request for a second deposition of witness Lisa Santin, Defendants' designee pursuant to Federal Rule of Civil Procedure 30(b)(6).  (Docs. 41, 42.)  The parties have agreed to informal resolution of the issue via the Court's informal discovery dispute resolution procedures.  (Docs. 42-2, 44.)

**BACKGROUND**

On June 28, 2023, Plaintiff deposed Defendants' 30(b)(6) witness Lisa Santin for nine hours.  Plaintiff now seeks to further depose Ms. Santin regarding the following documents and information:  (1) Ms. Santin's binder, which she used to refresh her recollection for the

1

deposition; (2) a Job Openings List, produced on August 2, 2023; and (3) benefits documents produced on August 2, 2023.  (Doc. 41 at pp. 1-2.)

Plaintiff's Position

Plaintiff contends that she must be afforded the opportunity to depose Ms. Santin on the contents of the binder used to refresh her recollection during her deposition.  Plaintiff complains that because Ms. Santin did not produce the binder at the time of her deposition, Plaintiff was prevented from cross-examining her regarding its contents.

Plaintiff also contends that she is entitled to call Ms. Santin back for further questioning because Defendants withheld a Jobs Opening List, which was subsequently produced on August 2, 2023.  Plaintiff asserts that she did not have an opportunity to depose Ms. Santin regarding that list despite numerous topics related to the same.

Finally, Plaintiff asserts that she must be provided the opportunity to further depose Ms. Santin on benefits documents that were produced by Defendants after the deposition.  Plaintiff avers that the documents are relevant to Plaintiff's damages.

Defendants' Position

As to the preparation binder, Defendants argue that Ms. Santin was asked about the documents she reviewed in preparation for the deposition.  Ms. Santin testified that she reviewed documents contained in a three-ring binder, which she had next to her during the deposition. Counsel asked, and Ms. Santin confirmed that, to her knowledge, all the documents within the binder had been produced in this litigation. At no time during the deposition, or immediately following it, did Plaintiff request the binder.  Defendants assert that other than employee handbooks from 2017 and 2022, they previously produced everything within the binder.  As to the handbooks, they reportedly do not apply to Plaintiff's claims in this action and are virtually identical to previously produced handbooks.

As to the Job Openings list, when the document was raised during Ms. Santin's deposition, Defendants lodged privilege objections, but permitted Plaintiff to ask about the document.  According to Ms. Santin's testimony, the document was not created at the time of Plaintiff's termination. Instead, it was created in 2023 as part of Ms. Santin's deposition

1  preparation efforts and printed as a document at the request of counsel.  Ms. Santin also testified

2  that at the time of Plaintiff's termination, Defendants would have viewed open jobs in an internal

3  system but did not print a physical list. Ms. Santin additionally testified that Plaintiff could not be

4  accommodated in any of the roles on the list because they all required more walking than

5  Plaintiff's job. Defendants' counsel later produced the single-page jobs document.

6  Defendants further contend that Plaintiff and her counsel have already had an opportunity

7  to ask Ms. Santin extensive questions about the content of the document during her deposition.

8  Additionally, all topics related to Defendants' accommodation efforts, the accommodation

9  assessment process, and what was done in the scope of determining if there were any available

10 accommodations or open positions for Plaintiff were testified to by both Ms. Santin and Mr.

11 Severo Martinez.

12 As to the benefits documents, Defendants explain that they produced these documents

13 before Ms. Santin's deposition, with the exception of five pages of document regarding Plaintiff's

14 401k.  Defendants contend that Plaintiff's counsel did not ask Ms. Santin any questions about

15 Plaintiff's benefits.  Also, payroll records prior to Ms. Santin's deposition showed Plaintiff's

16 401k deductions, but Plaintiff's counsel did not ask any questions about the payroll documents.

## DISCUSSION

18 "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of

19 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to

20 fairly examine the deponent or if the deponent, another person, or any other circumstance

21 impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "The presumptive duration may be

22 extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The

23 party seeking a court order to extend the examination, or otherwise alter the limitations, is

24 expected to show good cause to justify such an order." Advisory Comm. Notes to 2000

25 Amendment.  For instance, "[i]f the examination reveals that documents have been requested but

26 not produced, that may justify further examination once production has occurred." *Id.* The court

27 retains authority to "enter a case-specific order directing shorter depositions ... with regard to a

28 specific witness" or to enter an "order that a deposition be taken for limited periods on several

days." *Id.*; *see also Oskoui v. JPMorgan Chase Bank*, No. CV 12-03511-FMO (AGRx), 2019 WL 8955363, at *2 (C.D. Cal. Apr. 1, 2019).

Plaintiff has not shown good cause for re-opening Ms. Santin's deposition. With respect to the binder used for deposition preparation, Plaintiff knew of and had the opportunity to question Ms. Santin regarding this binder during her original deposition on June 28, 2023. With respect to the Job Openings List, Plaintiff questioned not only Ms. Santin, but also Mr. Martinez, regarding the open jobs. Moreover, the jobs list was created as part of trial preparation, and is ordinarily not discoverable. Fed. R. Civ. P. 26(b)(3). Finally, with regard to the benefits documents, Plaintiff had the opportunity to question Ms. Santin regarding not only the benefits documents, but also the payroll records (and 401k deductions) produced prior to her deposition. Because Plaintiff had ample opportunity to question Ms. Santin regarding these topics, the Court does not find good cause to require Ms. Santin to appear for a second deposition.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's request for a second deposition of 30(b)(6) witness Lisa Santin is DENIED.

IT IS SO ORDERED.

Dated:   **September 22, 2023**          /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE