UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA ARROYO,<br><br>        Plaintiff,<br><br>    v.<br><br>GRAHAM PACKAGING COMPANY L.P., et al.,<br><br>        Defendants. | Case No.  1:22-cv-00579-JLT-BAM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANTS' RETAINED EXPERT WITNESS, DR. PAUL BERG**<br><br>(Docs. 31, 35) |

Plaintiff Margarita Arroyo brings this action against Defendants Graham Packaging Company, L.P. and Graham Packaging PET Technologies, Inc. based on allegations of disability discrimination.  The matter comes before the Court on Defendants' motion to exclude Plaintiff's expert witness, Dr. Bennett Williamson, Ph.D., and Plaintiff's motion to compel the deposition of Defendants' rebuttal expert, Paul S.D. Berg, Ph.D.  (Docs. 31, 35, 41, 42-2.)  In addition to fully briefing the motion to exclude Plaintiff's expert, the parties have agreed to informal resolution of the issue via the Court's informal discovery dispute resolution procedures.  (Docs.42-2, 44.)

**BACKGROUND**

The Court entered a Scheduling Conference Order on September 2, 2022.  (Doc. 10.)  Pertinent to the issues in this motion, the Scheduling Order stated that the parties were to disclose

1   their initial expert witness disclosures no later than May 15, 2023, and their supplemental expert

2   witnesses by June 15, 2023.  (*See id.*) The order instructed that such disclosures be made pursuant

3   to Federal Rule of Civil Procedure 26(a)(2)(A) and (B) and include all information required

4   thereunder, i.e., the provision of a written expert report for retained experts.  (*Id.*)  The order also

5   stated that the dates in the scheduling order were considered firm and would not be modified

6   absent a showing of good cause.  (*Id.*)  The deadline for completion of expert discovery expired

7   on August 11, 2023.

8     <u>Dr. Williamson</u>

9     Plaintiff served Defendants with the disclosure of her retained expert witness, Dr.

10  Williamson, on May 15, 2023, consistent with the Scheduling Conference Order.  (Doc. 41 at p.

11  4.)  However, Plaintiff did not provide a Rule 26(a) expert report as part of that disclosure.

12  Rather, she identified a general area of testimony that Dr. Williamson was expected to provide:

13  "testimony regarding the emotional distress and related symptoms experienced by the Plaintiff as

14  a result of Plaintiff's termination" and response testimony "to the opinions of Defendant's expert

15  witness." (*Id.*; Doc. 31-1, Ex. A at ¶¶ 4-5.)

16    Plaintiff participated in a medical examination with Dr. Williamson on July 11, 2023.

17  (Doc. 41 at p. 4.)  Thereafter, on July 31, 2023, after expiration of the initial and supplemental

18  expert disclosure deadlines, Plaintiff served a "supplemental expert disclosure," which included

19  Dr. Williamson's Rule 26(a) expert report.  (Doc. 31-1, Ex. B.)

20    On August 2, 2023, Defendants objected to the supplemental expert disclosure and report

21  as untimely and indicated their intent to move to preclude.  (Doc. 31-1, Ex. G.)

22    <u>Dr. Berg</u>

23    Consistent with the Court's Scheduling Conference Order, on June 15, 2023, Defendants

24  disclosed their supplemental expert, Dr. Berg.  (Doc. 31-1, Ex. F.)  Defendants indicated that

25  because of Plaintiff's failure to provide an expert report, they had "inadequate information upon

26  which to base their rebuttal supplemental expert report" and were unable to provide an expert

27  report along with their expert disclosure.  (*Id.*).

28    Plaintiff participated in an Independent Medical Examination with Dr. Berg on August 7,

2023.  (Doc. 41 at p. 3.)

On August 9, 2023, the parties filed a Joint Statement re: (1) Failure to Permit Deposition of Defendants' Expert Witness and Plaintiff's Request for Additional Time; and (2) Defendants' Refusal to Accept Plaintiff's Supplemental Expert Witness Disclosure with accompanying Expert Report.  (Doc. 31.)  By the statement, Plaintiff requested that the Court:  (1) order Defendants to produce Dr. Berg for deposition either before or after the August 11, 2023 expert discovery deadline, and (2) issue a ruling allowing Dr. Williamson's testimony and expert report into evidence at trial.  Defendants alternately moved to exclude Plaintiff's expert, Dr. Williamson. Defendants also indicated that if their motion to exclude was successful, then they would not utilize Dr. Berg's testimony at trial, nor his expert findings or report.  (Doc. 31.)

On August 11, 2023, Plaintiff filed a formal motion to compel the deposition of Defendants' retained expert witness, Dr. Berg.  (Doc. 35.)

Parties' Arguments

Plaintiff takes the position that because Dr. Berg has been retained by Defendants as an expert witness and Plaintiff participated in an IME, Dr. Berg must be made available for deposition.  Plaintiff also takes the position that her expert witness, Dr. Williamson, should be permitted to testify because there was no actual prejudice or harm to Defendants from the untimeliness of the report.  Specifically, Plaintiff argues no actual harm or prejudice because (1) Defendants have already designated their expert; (2) Plaintiff's disclosure notified Defendants of the topics on which Plaintiff's expert was to testify; (3) Defendants now have the expert report with enough time to depose the expert; and (4) there are less drastic alternatives than the exclusion of Plaintiff's expert.[1]  (Doc. 41 at p. 4.)

Defendants counter that they were prejudiced by Plaintiff's untimely disclosure because they were required to guess about Dr. Williamson's opinions and preemptively retain Dr. Berg as a rebuttal expert.  Without the benefit of Dr. Williamson's opinions and report, Defendants were unable to provide a report with their disclosure of Dr. Berg.  Defendants contend that Plaintiff had

---

[1] Plaintiff also argues no harm or prejudice because trial is not scheduled until April 1, 2024. However, due to ongoing discovery disputes, the Court has vacated the trial date.  (*See* Doc.39.)

3

ample opportunity to seek additional time for expert disclosures, but failed to stipulate to or request additional time. Defendants further contend that Plaintiff cannot excuse the failure to disclose by arguing that Defendants should simply depose Dr. Williamson, ask about his opinions and supporting documents at that time, and then permit Plaintiff to depose Dr. Berg. Defendants assert that due to the late disclosure of the report they were deprived of a fair opportunity to evaluate the Dr. Williamson's qualifications, methodology, opinions, and conclusions, and determine how to proceed or respond. Defendants indicate that if Dr. Williamson is excluded, then Defendants will not call Dr. Berg at trial, nor use his IME of Plaintiff. (Doc. 42-2.)

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of each expert witness, "accompanied by a written report--prepared and signed by the witness," at the time and in the sequence ordered by the Court. Fed. R. Civ. P. 26(a)(2)(B), (D). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use" of any improperly disclosed information in a motion, at a hearing, or at trial. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required under Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."). Courts have upheld the use of this sanction under Rule 37(c)(1) "even when a litigant's entire cause of action or defense has been precluded." *Yeti*, 259 F.3d at 1106.

There are two express exceptions that "ameliorate the harshness of Rule 37(c)(1)." *Id.* The information may be used if the party's failure to properly disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). The party making the late disclosure bears the burden of establishing that the failure to disclose was substantially justified or harmless. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("[T]he burden is on the party facing the sanction ... to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless."). Rule 37(c) is a "self-executing, automatic sanction to provide [ ] a strong inducement for disclosure of material." *Yeti*, 259 F.3d at 1106 (citing Fed. R. Civ. P. 37 Advisory Committee's Note (1993)) (quotations omitted). The Ninth Circuit gives "particularly wide

latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* Among other factors, the availability of less drastic sanctions and the public policy favoring disposition of cases on their merits guide the court's discretion. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (setting out five-factor test).

Plaintiff directs the Court to consider the factors set out in *Wendt*: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions. *Wendt*, 125 F.3d at 814. Plaintiff contends that under these factors, there is no actual prejudice or harm because Defendants now have Dr. Williamson's report with enough time to depose him before trial and there are less drastic sanctions available than the exclusion of Plaintiff's expert. (Doc. 41 at p. 4.)

Having considered Plaintiff's arguments and the relevant factors, the Court finds that the failure to timely disclose Dr. Williamson's report was neither substantially justified nor harmless. Plaintiff's disclosure (on 7/31/23) occurred well after the initial and supplemental expert disclosure deadlines (5/15/23 and 6/15/23), and Plaintiff proffers no reasonable or substantial justification supporting the delayed disclosure. The delayed disclosure also was not harmless as it affected Defendants' litigation strategy. Defendants were forced to preemptively identify a rebuttal expert without the benefit of understanding or even knowing Dr. Williamson's expert opinions or conclusions.

Further, expert discovery is closed in this action. If the Court were to allow Plaintiff to utilize Dr. Williamson's testimony and expert opinion, then the Court would be required to reset the expert discovery deadlines in this action, reopening expert discovery to allow Defendants time to disclose an additional rebuttal expert witness, if necessary, and allow the parties time to depose the expert witnesses. The Court has already been forced to continue the non-expert discovery deadlines to accommodate Plaintiff's failure to disclose evidence regarding her medical providers and to vacate the dispositive motion, pretrial conference and trial dates, in large part due to

Plaintiff's failure to comply with the Scheduling Order deadlines.² This conduct has resulted in harm to Defendants. Resetting expert discovery would lead to further, significant delays in this action. Such a delay is not warranted because Plaintiff has failed to show how the untimely disclosure was justified or harmless. The Court will therefore exclude Dr. Williamson's testimony and report pursuant to Federal Rule of Civil Procedure 37(c)(1). Given Defendants' willingness to withdraw use of their expert if Dr. Williamson's testimony is excluded, the Court finds it unnecessary to compel the deposition of Dr. Berg. Plaintiff's motion to compel his deposition will therefore be denied.

**CONCLUSION AND ORDER**

For the reasons stated, Defendants' motion to exclude Dr. Williamson's testimony and report is GRANTED. Defendants will likewise withdraw their use of Dr. Berg and his examination of Plaintiff. Based on this withdrawal, Plaintiff's motion to compel the deposition of Defendants' retained expert witness, Dr. Berg is DENIED as moot.

IT IS SO ORDERED.

Dated: **September 22, 2023**         /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

---

² *See* Doc. 46 Order on Failure to Disclose Key Medical Providers and Documents; Doc. 39 Order Vacating Remaining Dates in Scheduling Conference Order.